## In re HELICOPTER CRASH NEAR MEADVIEW, ARIZONA, ON AUGUST 10, 2001

### No. 1621.

Judicial Panel on Multidistrict Litigation.

Aug. 11, 2004.

---

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN,\* Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the four actions in the District of Arizona and one action in the Western District of Washington as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants Papillon Airways, Inc., d/b/a Papillon Grand Canyon Helicopters; Monarch Enterprises, Inc.; Zuni, LLC; Brenda Halvorson; Barbara J. Halvorson; Lon A. Halvorson; and Elling Halvorson for coordinated or consolidated proceedings of these actions in the District of Arizona. No other party in these actions responded to the motion.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the District of Arizona will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the cause or causes of the crash of a sightseeing helicopter in Arizona on August 10, 2001. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Arizona is an appropriate transferee forum for this docket. We note that i) this district encompasses the situs of the crash, so pertinent witnesses and documents will likely be found in the area; and ii) four of the five actions are pending in this district before a judge who has been presiding over three of the actions for nearly two years.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A and pending outside the District of Arizona is transferred to the District of Arizona and, with the consent of that court, assigned to the Honorable John W. Sedwick from the District of Alaska, sitting in the District of Arizona pursuant to an intracircuit assignment under 28 U.S.C. § 292, for coordinated or consolidated pretrial proceedings

---

\* Judge Hansen took no part in the disposition of this matter.

1. Judge Robert C. Jones of the District of Nevada has advised the Panel that he ordered two other actions included on the motion—*Chana Daskal, etc. v. Eurocopter, S.A., et al.,* D. Nevada, C.A. No. 2:04–506; and *Nitza Lichtenstein, etc. v. Papillon Airways, Inc., et al.,* D. Nevada, C.A. No. 2:04–507—remanded to state court. Accordingly, the question of Section 1407 transfer with respect to those actions is moot.

with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1621—In re Helicopter Crash Near Meadview, Arizona, on August 10, 2001*

*District of Arizona*

*Hillary M. Fastag, etc. v. Papillon Airways, Inc., et al.,* C.A. No. 2:02–1073

*Israel Weingarten, et al. v. Papillon Airways, Inc., et al.,* C.A. No. 3:02–1491

*Israel Weingarten, et al. v. Papillon Airways, Inc., et al.,* C.A. No. 3:02–1492

*Franco Innocenti, et al. v. Eurocopter, S.A., et al.,* C.A. No. 3:03–1429

*Western District of Washington*

*Franco Innocenti, et al. v. Heliquip International Ltd., et al.,* C.A. No. 2:03–2414